IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUS SHAHID | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF CLIFTON HEIGHTS | : | No. 16-CV-1006 |

MEMORANDUM ORDER

AND NOW, this  7th  day of July, 2016, IT IS HEREBY ORDERED that the defendant's motion to dismiss the plaintiff's amended complaint pursuant to Pa. R.C.P. 12(b)(6) for failing to state a claim (Dkt. # 7) is GRANTED with prejudice.

In support of this Order, I make the following findings.

1. Plaintiff, Abdus Shahid, filed a complaint alleging the defendant, Borough of Clifton Heights, violated his civil rights by taking various actions against him because of his race and nation of origin.  His initial complaint was dismissed for failure to state a claim and he was given twenty days to file an amended complaint.  He filed an amended complaint and the Borough has again moved to dismiss it.

2. Shahid is a resident of New York and owns a multi-unit residential rental property located at 325 East Baltimore Avenue, in the Borough of Clifton Heights, Pennsylvania.  According to his original complaint, Shahid alleges the Borough discriminated against him from March 1, 2014 through March 1, 2016, by refusing to

allow him to live in any of the property's vacant apartments.  He claims further that as his tenants moved from apartments in the property, the Borough condemned each unit.   He bases his discrimination claim on the assertion that these former tenants were allowed to live in the units because they were American and Christian.  Shahid contends the units were condemned and he was not permitted to temporarily live in them because, although he is an American citizen, he is "of Bangladesh origin, Asian and Muslim by religion."  *Cmplt.* ¶ 1.

3.  This complaint was dismissed without prejudice to file an amended complaint.  Shahid was also instructed that any amended complaint should include specific allegations; including which borough official or employee acted to deprive his civil rights, what actions were taken by that individual(s), and what borough policy or custom caused the underlying constitutional violation.

4.  Shahid filed his amended complaint but it fails to address the deficiencies set forth in my prior order.

5.  In his amended complaint, Shahid identifies Tony Tartaglia[1] as the Borough Manager and the person who placed the condemnation signs on the doors of his apartments.. *Am. Cmplt.* ¶ ¶ 6, 9-13.   He alleges no other actions by Tartaglia or any other borough representative from which a finder of fact could infer a discriminatory intent.

---

[1] Tartaglia is not named as a defendant in this case.

6. Shahid has also failed to allege any factual support for his claim that "Defendant call FBI saying plaintiff is a terrorist. FBI interviewed Plaintiff and did not find anything wrong." *Id.* ¶ 14. Again, there is no who, when or how asserted from which one could conclude that this action was discriminatory. Even if such a call was made, standing alone, is insufficient to state a claim.

7. As set forth in my earlier order, when a §1983 claim is brought against a municipality, I must consider two issues: 1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Because a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability, I must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). If there is no causal link, the municipality is not liable even if plaintiff's constitutional rights have been violated. *Collins*, 503 U.S. at 122. Shahid's complaint is filed against the Borough and yet he does not set forth any municipal policy or custom that caused a violation of his civil rights.

8. After considering his amended complaint, I must conclude that Shahid has failed to set forth any constitutional deprivation. Although he has identified the official whose name appears on the condemnation notices, Shahid does not name a single Borough official, employee or representative who took any *discriminatory* action against

him. On the contrary, the actions he describes are typical functions of government. Moreover, there is no indication that Shahid availed himself of any state process for challenging the condemnation notices and he does not allege that due process was unavailable to him.

9. Further, even if Tartaglia acted with discriminatory animus, Shahid fails to allege any causal link between Tartaglia's actions and any municipal policy or custom.

10. The mere fact that he is a member of one or more protected class is not sufficient to state a claim of discrimination without some causal connection to the actions taken by the Borough. Here, it is only Shahid's belief that he was discriminated against and that, without more, is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (threadbare recitals of the elements of a cause of action supported by mere conclusory statements are not sufficient to survive a motion to dismiss).[2]

BY THE COURT:

*/s/ J. William Ditter, Jr.*
J. WILLIAM DITTER, JR., J.

---

[2] I have considered both the original complaint and the amended complaint in determining Shahid's claims should be dismissed. Because Shahid is *pro se*, I have broadly construed his claims. Having given Shahid an opportunity to file an amended complaint and having given him specific instructions on what was required to survive a motion to dismiss, I am satisfied that no further amendment of this complaint would result in a viable claim of discrimination, therefore, I am granting this motion to dismiss with prejudice.